**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2089
_____

BEZALEL GROSSBERGER,
Appellant

v.

NJ SUPERIOR COURT OF ESSEX COUNTY; FAST OIL LLC; ROBERT CORMACK;
TEVA ENVIRONMENTAL CONSULTANTS LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:23-cv-03587)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 9, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

Bezalel Grossberger, proceeding pro se, appeals an order sua sponte dismissing his

amended complaint with prejudice for failure to comply with the requirements of Rule

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

8(a)(1) of the Federal Rules of Civil Procedure, and an order denying his motion for reconsideration of that decision. We will affirm.

Grossberger filed a complaint in the United States District Court for the District of New Jersey. Shortly thereafter, the District Court issued a text only order, noting that the complaint "contain[ed] text that exceeds the space allotted in the PDF text boxes, does not clearly articulate who the defendants are, and does not comply with the directions given in the form complaint, particularly those in the 'Statement of the Claim' section." The District Court directed Grossberger to fix those deficiencies in an amended complaint. He failed to file an amended complaint, however, and the District Court dismissed the original complaint without prejudice, noting that the "facts alleged … are insufficient to state a claim upon which relief may be granted because they 'do not permit [this Court] to infer more than the mere possibility' that Defendants violated his rights."

Next, Grossberger filed an amended complaint, and a motion to reinstate and amend the original complaint. The District Court denied that motion without prejudice, noting that the "amended complaint has portions that are incomplete and cutoff[,] which prevents this Court from determining what claims are properly before it." The District Court provided Grossberger with 30 days to file "an appropriate complaint."

Grossberger then filed a second amended complaint, along with over 600 pages of exhibits. The District Court dismissed that complaint with prejudice for failure to provide a short and plain statement of the case, as required by Rule 8(a)(1), and for failure to adhere to the directives of its two prior orders. Grossberger filed a timely

motion for reconsideration, which the District Court denied. Grossberger timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for abuse of discretion the District Court's conclusion that Grossberger's second amended complaint failed to comply with the requirements of Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam)

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (citation and quotation marks omitted); see also Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Whether the "short and plain statement" requirement is satisfied "is a context-dependent exercise." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). Although we must liberally construe pro se litigants' pleadings, Rivera v. Monko, 37 F.4th 909, 914 (3d Cir. 2022), such litigants "must still allege sufficient facts in their complaint to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Even construing Grossberger's second amended complaint liberally, we conclude that the District Court did not abuse its discretion in holding that he did not meet the basic pleading requirements. See Garrett, 938 F.3d, at 92 (stating that "the question

before us is not whether we might have chosen a more lenient course than dismissal …

but rather whether the District Court abused its discretion in ordering the dismissal")

(citation omitted).  It is difficult to discern Grossberger's claims.  His grievances appear

to center on Robert M. Cormack, Esq., who allegedly "is denying … [Grossberger] his

Civil Rights to seek recourse through the [New Jersey] Superior Courts[.]"  Grossberger

also asserted that Cormack "is engaged in" (1) "'money laundering' to defraud the

Federal Government[,]" (2) "avoiding 'scrutiny' and Federal reporting requirements,

through … cash and delayed/backdated … transactions[,]" (3) "obstructing the Federal

Government from collecting funds due … through its liens filed at Ocean County[,]" (4)

"defrauding the Federal Courts … by fictitious Bankruptcy Court and Foreclosure

proceedings[,]" and defrauding the Federal Government Tax revenues by misrepresenting

'Taxable Income' as 'loans' and other such Income frauds … to avoid paying Federal

Taxes."  As relief, Grossberger asked that the "action pending in the New Jersey Superior

Court, Docket No. OCN-L-2333-22 [be] … removed to this Court."[1]

These allegations simply do not add up to the kind of information necessary to

satisfy Rule 8 or state a plausible claim for relief.  Indeed, Grossberger failed to connect

his vague allegations to any facts demonstrating that Cormack may be liable for

---

[1] We take judicial notice that Grossberger previously attempted to remove that action to the United States District Court for the District of New Jersey.  See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) (recognizing that courts may take judicial notice of matters of public record, including judicial proceedings).  The District Court granted Cormack's motion for remand, explaining that the action "was improperly removed to this Court because [Grossberger] is not a defendant in the removed state action." Grossberger appealed and we affirmed.  Grossberger v. Cormack, C.A. No. 24-2665 (order entered Dec. 4, 2024).

misconduct. See Garrett, 938 F.3d at 94 (explaining dismissal is proper where complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)); see also Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007) (explaining that it is not a "district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading"). And although Grossberger attached over 600 pages of exhibits to his second amended complaint, he did not explain how any of that material relates to his allegations. Cf. DeSilva v. DiLeonardi, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). Finally, to the extent that Grossberger challenges the denial of his motion for reconsideration, we discern no abuse of discretion, as that motion failed to allege "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For the foregoing reasons, we will affirm the judgment of the District Court.